# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MATTHEW ELIOTT CRUMLEY,

    Petitioner,

v.

SHANE JACKSON,

    Respondent,

_____/

Civil No. 2:17-CV-11318
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.

    Matthew Elliot Crumley, ("Petitioner"), confined at the Carson City Correctional Facility in Carson City, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for armed robbery, Mich. Comp. Laws § 750.529. Respondent filed an answer to the petition for writ of habeas corpus. As part of the answer, respondent argues that the petition is subject to dismissal because it contains at least one claim which has not been exhausted with the state courts. For the reasons that follow, in *lieu* of dismissing the petition without prejudice, this Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit petitioner to return to the state courts to exhaust his additional claims. If this fails, the petition will be dismissed without prejudice.

1

## I. Background

Petitioner pleaded *nolo contendere* to the above charge in the Macomb County Circuit Court on February 24, 2015 and was sentenced on the same day to 10-20 years in prison.

Petitioner moved to withdraw his plea, which the trial court denied on September 17, 2015.

Petitioner, through counsel, filed an application for leave to appeal, in which he raised what make up the first two claims in his habeas petition. The Michigan Court of Appeals denied petitioner leave to appeal. *People v. Crumley,* No. 329590 (Mich.Ct.App. Dec. 7, 2015).

Petitioner, through his appellate counsel, filed a motion for reconsideration with the Michigan Court of Appeals. In this motion, appellate counsel indicated that she had received a *pro per* supplemental brief from petitioner on December 7, 2015, the same day that the Michigan Court of Appeals denied petitioner leave to appeal. In this *pro per* supplemental brief, petitioner attempted to raise what now makes up his third claim. Appellate counsel noted that had petitioner filed an appeal of right, as opposed to the application for leave to appeal that he filed in his case, he would have had 84 days from the date that his original appeal was filed to file a supplemental *pro per* brief under Standard 4 of the Michigan Appellate Court rules. Appellate counsel urged the Michigan Court of Appeals to

accept petitioner's supplemental brief for filing. The Michigan Court of Appeals denied petitioner 's motion for reconsideration. *People v. Crumley,* No. 329590 (Mich.Ct.App. Jan. 21, 2016). [1]

Petitioner filed a *pro per* application for leave to appeal to the Michigan Supreme Court, in which he raised the three claims contained in the current habeas petition. The Michigan Supreme Court denied petitioner leave to appeal. *People v. Crumley*, 499 Mich. 971, 880 N.W.2d 541 (2016).

Petitioner filed a petition for writ of habeas corpus, seeking relief on the following grounds:

> I. The no contest plea was not knowing and voluntary and the procedure was defective.
>
> II. Constitutional right to to be sentenced with accurate information was violated.
>
> III. Ineffective assistance of trial counsel.

## II. Discussion

Respondent argues that petitioner's habeas application is subject to dismissal because it contains at least one claim which has not been exhausted with the state courts as a federal constitutional claim.

As a general rule, a state prisoner seeking federal habeas relief must first

---

[1] See Dkts. # 9-19, 9-20.

exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and(c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Hannah v. Conley*, 49 F. 3d 1193, 1195 (6th Cir. 1995). A petition for a writ of habeas corpus filed by a state prisoner shall not be granted unless the petitioner has exhausted his available state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the petitioner's rights. *See Turner v. Bagley,* 401 F. 3d 718, 724 (6th Cir. 2005). A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Hafley v. Sowders*, 902 F. 2d 480, 483 (6th Cir. 1990). Federal district courts normally must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). A habeas petitioner has the burden of proving that he or she exhausted his or her claims with the state courts. *See Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003).

    Respondent first argues that petitioner's second claim alleging the use of inaccurate information at sentencing was not exhausted as a federal constitutional issue because the claim was raised in the state courts only as a violation of state sentencing law.

*Crumley v. Jackson,* 2:17-CV-11318

The exhaustion requirement requires that a federal habeas petitioner fairly present the substance of each federal constitutional claim to state courts using citations to the United States Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. *Levine v. Torvik*, 986 F. 2d 1506, 1516 (6th Cir. 1993); *Matthews v. Abramajtys*, 92 F. Supp. 2d 615, 627 (E.D. Mich. 2000). In order to exhaust state court remedies, a habeas petitioner must present his or her claim to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F. 2d 365, 368 (6th Cir. 1984)(cites omitted). It is not enough that all the facts necessary to support the federal claim were presented to the state courts, or that a somewhat similar state law claim was made. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). The doctrine of exhaustion requires that the same claim under the same theory be presented to the state courts before raising it in a federal habeas petition. *Pillette v. Foltz*, 824 F. 2d 494, 497 (6th Cir. 1987). The mere similarity of claims between the state appeals and the federal habeas petition is insufficient for exhaustion purposes. *Duncan v. Henry*, 513 U.S. 364, 366 (1995).

Petitioner's counsel only raised a claim in the state courts that the trial court incorrectly scored Offense Variable 13 of the Michigan Sentencing

5

Guidelines. ² Counsel did not raise a claim that the trial court judge relied on inaccurate information in sentencing petitioner. Petitioner's inaccurate sentencing information claim has not been exhausted with the state courts.

Although not argued by respondent, this Court notes that petitioner's third claim was not properly exhausted with the state courts because it was raised for the first time only in petitioner's motion for reconsideration with the Michigan Court of Appeals. Although respondent failed to raise the exhaustion issue in his answer with regards to this claim, the exhaustion defense is not waived unless the State, through counsel, expressly waives the exhaustion requirement. *See Rockwell v. Yukins*, 217 F.3d 421, 423-24 (6th Cir. 2000); 28 U.S.C. § 2254(b)(3). A state's failure to raise the exhaustion requirement in the district court does not expressly waive the exhaustion issue. *See D'Ambrosio v. Bagley*, 527 F.3d 489, 497 (6th Cir. 2008). "Moreover, considerations of comity and federalism require this Court 'to review the exhaustion issue *sua sponte*.'" *Benoit v. Bock*, 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003)(quoting *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir.1987)(citing *Parker v. Rose,* 728 F.2d 392, 394 (6th Cir.1984)).

Presenting additional issues to an intermediate state appellate court for the first time in a motion for reconsideration or rehearing does not constitute a fair presentation of claims for purposes of exhaustion. *See Alcorn v. Smith,* 724 F.2d

---

² See Dkt. # 9-19.

37, 40 (6th Cir.1983)*, vacated on other grounds,* 471 U.S. 1096 (1985)*, See also Drain v. Woods,* 902 F. Supp. 2d 1006, 1032 (E.D. Mich. 2012); *aff'd,* 595 F. App'x. 558 (6th Cir. 2014)(petitioner did not properly exhaust claims when he raised them for first time in a motion for reconsideration with the Michigan Court of Appeals)*; Paredes v. Johnson,* 230 F. 3d 1359, 2000 WL 1206544, * 1-2 (6th Cir. Aug. 18, 2000)(issues raised for the first time in a motion for rehearing with the Michigan Court of Appeals were unexhausted for purposes of federal habeas review). Petitioner's third claim is unexhausted because he raised it only for the first time in his motion for reconsideration with the Michigan Court of Appeals.

The mere fact that petitioner then attempted to raise his third claim in his application for leave to appeal to the Michigan Supreme Court did not properly exhaust his claim. A habeas petitioner's raising of a claim for the first time before the state courts on discretionary review does not equal a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Because petitioner failed to adequately present his third claim on his direct appeal with the Michigan Court of Appeals, the subsequent presentation of this claim to the Michigan Supreme Court would not satisfy the exhaustion requirement for habeas purposes. *See Skinner v. McLemore,* 425 F. App'x. 491, 494 (6th Cir. 2011); *Farley v. Lafler,* 193 F. App'x. 543, 549 (6th Cir. 2006). Petitioner's third claim is unexhausted.

*Crumley v. Jackson,* 2:17-CV-11318

Petitioner has failed to exhaust two claims with the state courts.

Respondent argues that petitioner's second claim is partially unexhausted, but urges this Court to reject the claim on the merits. Although respondent failed to argue that petitioner's third claim was unexhausted, respondent nevertheless argues that this claim should be denied because it is without merit. This Court declines to deny petitioner relief on his unexhausted claims at this time.

A habeas petitioner's failure to exhaust his or her state court remedies does not deprive a federal court of its jurisdiction to consider the merits of the habeas petition. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). An unexhausted claim may be adjudicated if the unexhausted claim is without merit, such that addressing the claim would be efficient and would not offend the interest of federal-state comity. *Prather v. Rees,* 822 F. 2d at 1422; *see also* 28 U.S.C. § 2254(b)(2)(habeas petition may be denied on the merits despite the failure to exhaust state court remedies). In certain cases, a federal court should dismiss a non-federal or frivolous claim on the merits to save the state courts the useless review of meritless constitutional claims. *Cain v. Redman*, 947 F. 2d 817, 820 (6th Cir. 1991).

Neither of petitioner's claims is plainly meritless. Petitioner in his second claim alleges that the trial court used inaccurate information in fashioning his sentence. A criminal defendant possesses a constitutional right not to be

8

sentenced on the basis of "misinformation of constitutional magnitude." *Roberts v. United States*, 445 U.S. 552, 556 (1980) (quoting *United States v. Tucker*, 404 U.S. 443, 447 (1972)); *see Townsend v. Burke*, 334 U.S. 736, 741 (1948)(stating that reliance on "extensively and materially false" information, which the prisoner had no opportunity to correct, violates due process of law).

Petitioner alleges in his third claim that trial counsel was ineffective for advising him to plead guilty to the armed robbery charge, because there was no evidence that a weapon was used or even implied during the robbery. Petitioner also alleges that he was coerced by counsel into pleading *nolo contendere.* A criminal defendant has a Sixth Amendment right to the effective assistance of counsel. *See Strickland v. Washington,* 466 U.S. 668, 686 (1984). The Sixth Amendment right to counsel extends to the plea bargaining process. *Lafler v. Cooper,* 132 S. Ct. 1376, 1384 (2012)*; Missouri v. Frye,* 132 S. Ct. 1399, 1406 (2012). Thus, a criminal defendant during plea negotiations is "entitled to the effective assistance of competent counsel." *Lafler*, 132 S. Ct. at 1384 (*quoting McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

Petitioner appears to be raising colorable claims.

"In determining whether a claim is 'plainly meritless,' principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless 'it is perfectly clear that the petitioner has no hope of prevailing.'"

*Crumley v. Jackson,* 2:17-CV-11318

*Dixon v. Baker*, 847 F. 3d 714, 722 (9th Cir. 2017)(*quoting Cassett v. Stewart*, 406 F. 3d 614, 624 (9th Cir. 2005)). "A contrary rule would deprive state courts of the opportunity to address a colorable federal claim in the first instance and grant relief if they believe it is warranted." *Id.* (*quoting Cassett*, 406 F. 3d at 624).

    In *Wagner v. Smith*, 581 F. 3d 410, 414 (6th Cir. 2009), the Sixth Circuit addressed a habeas petition involving several unexhausted prosecutorial misconduct and ineffective assistance of counsel claims that had been rejected on the merits by another judge in this district. The Sixth Circuit agreed with the respondent that none of these claims had been properly exhausted with the state courts. *Id.* at 415-19. The Sixth Circuit remanded the matter back to the district court. Although the Sixth Circuit discussed the four available options for addressing a habeas petition which contained unexhausted claims, including the option of denying the unexhausted claims on the merits, *Id.* at 419 (discussing the four options), the Sixth Circuit strongly suggested that the district court should consider staying the petition and holding it in abeyance to permit petitioner to return to the state courts to properly exhaust these claims, because the claims were not "plainly meritless." *Id.* at 419-20. On remand, the district court vacated its opinion and order denying petitioner habeas relief, held the petition in abeyance to permit petitioner to return to the state courts to exhaust his claims, and administratively closed the case. *Wagner v. Smith,* U.S.D.C. 2:06-CV-10514

10

*Crumley v. Jackson,* 2:17-CV-11318

(E.D. Mich. Nov. 13, 2009).

More recently, the Sixth Circuit reversed this Court for rejecting an unexhausted ineffective assistance of counsel claim on the merits. See *Hickey v. Hoffner,* No. 16-1186, 2017 WL 2829523, ---- F. App'x.---- (6th Cir. June 30, 2017). In the *Hickey* case, the petitioner claimed that trial counsel was ineffective for failing to call alibi witnesses and other exculpatory witnesses. Although the Sixth Circuit agreed with this Court that these claims were unexhausted because they had been presented to the state courts only for the first time in the petitioner's application for leave to appeal to the Michigan Supreme Court, the Sixth Circuit noted that petitioner still had an available post-conviction remedy to properly exhaust these claims. *Id.,* at * 3. The Sixth Circuit then stated that they could not find petitioner's ineffective assistance of counsel claims to be plainly meritless, so as to deny relief on the merits, because petitioner raised a "colorable" ineffective assistance of counsel claim. *Id.,* at * 4. The Sixth Circuit vacated this Court's decision to deny habeas relief on the merits and remanded the matter for a determination of whether the petition should be held in abeyance to allow petitioner to return to the state courts to exhaust his claims. *Id.*

This Court cannot state that petitioner's second and third claims are plainly meritless because he raises colorable claims. At a minimum, this Court is unable to state that petitioner has absolutely no hope of prevailing on these claims either

in the state courts or in the federal court. Because these unexhausted claims, particularly the ineffective assistance of counsel claim, have "not yet been fully developed, it would be premature for the Court to assess their merits." *Adams v. Haas*, No. 15-11685, 2017 WL 264506, at * 2 (E.D. Mich. Jan. 20, 2017). [3]

Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under M.C.R. 6.500. *See Wagner v. Smith,* 581 F. 3d at 419. Petitioner could exhaust these claims by filing a motion for relief from judgment with the Macomb County Circuit Court under M.C.R. 6.502. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust any claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,*

---

[3] The Court notes that although the Sixth Circuit in *Wagner,* 581 F. 3d at 419-20, believed that the unexhausted claims were not plainly meritless, so as to justify holding the case in abeyance to permit petitioner to exhaust these claims, the Sixth Circuit affirmed the denial of habeas relief on these same claims when the case came before that court again after petitioner exhausted these claims in the state courts. *See Wagner v. Klee*, 620 F. App'x. 375, 377 (6th Cir.), *cert. denied sub nom. Wagner v. Burt*, 136 S. Ct. 590, 193 L. Ed. 2d 474 (2015). This suggests that the threshold for a claim to not be considered plainly meritless is fairly low.

208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

The U.S. Supreme Court indicated that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the Antiterrorism and Effective Death Penalty Act's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Petitioner's claims are not "plainly meritless." Further, petitioner may assert that he did not previously raise these claims in the state courts due to the ineffective assistance of appellate counsel. *Wagner,* 581 F. 3d at 419, nn. 4 and 5. Finally, it does not appear that petitioner has engaged in "intentionally dilatory tactics."

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278. To ensure that petitioner does not delay in exhausting his state court remedies,

*Crumley v. Jackson,* 2:17-CV-11318

the Court imposes upon petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court by filing a post-conviction motion for relief from judgment with the state trial court within ninety days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within ninety days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F. 3d at 781 (internal quotation omitted).[4]

### III. ORDER

Accordingly, **IT IS ORDERED** that that petitioner may file a motion for relief from judgment with the state court within ninety (90) days of receipt of this Court's order. If petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss the present petition without prejudice.

If petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. The case shall then be held in abeyance pending the petitioner's exhaustion of the claim or claims.

Petitioner shall re-file his habeas petition within 90 days after the

---

[4] This Court has the discretion to stay the petition and hold it in abeyance even though petitioner did not specifically request this Court to do so. *See e.g. Banks v. Jackson,* 149 F. App'x. 414, 422, n. 7 (6th Cir. 2005).

14

conclusion of the state court post-conviction proceedings. Petitioner is free at that time to file an amended habeas petition which contains any newly exhausted claims.

Failure to comply with any of the conditions of the stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court shall order the Clerk to reopen this case for statistical purposes.

**SO ORDERED.**

                                              s/Arthur J. Tarnow
                                              Arthur J. Tarnow
                                              Senior United States District Judge

Dated: September 21, 2017

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on September 21, 2017, by electronic and/or ordinary mail.

                                              s/Catherine A. Pickles
                                              Judicial Assistant