UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW ELIOT CRUMLEY,

    Petitioner,          Case No. 2:17-CV-11318
                                 UNITED STATES DISTRICT COURT JUDGE
v.                             HONORABLE ARTHUR J. TARNOW

JACK KOWALSKI,

    Respondent,
_____/

**OPINION AND ORDER: (1) DIRECTING THE CLERK OF THE COURT TO REOPEN THE CASE TO THE COURT'S ACTIVE DOCKET, (2) AMENDING THE CAPTION, (3) GRANTING THE MOTION TO AMEND, (4) ORDERING THAT THE AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 13) BE SERVED UPON THE RESPONDENT AND THE MICHIGAN ATTORNEY GENERAL, AND (4) DIRECTING RESPONDENT TO FILE A SUPPLEMENTAL ANSWER AND ANY ADDITIONAL RULE 5 MATERIALS**

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was held in abeyance to permit Petitioner to return to the state courts to exhaust additional claims. Petitioner has filed an amended petition for writ of habeas corpus, which is construed as a motion to reopen the case and to amend the petition. The motion is GRANTED. The Clerk of the Court shall reopen the case and serve a copy of the amended petition for writ of habeas corpus upon respondent and the Michigan Attorney General's Office. Respondent shall file a supplemental answer and any additional Rule 5 materials within **ninety (90)** days of the Court's order. The caption of the case is amended to reflect that the current respondent is Jack Kowalski.

1

Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner, following the exhaustion of state court remedies. *See e.g. Rodriguez v. Jones,* 625 F. Supp. 2d 552, 559 (E.D. Mich. 2009). Petitioner alleges in his amended petition that his claims were exhausted with the state courts. The case is reopened.

The caption in this case is amended to reflect that the proper respondent in this case is now the warden of the prison where petitioner is currently incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254.

Petitioner's proposed amended habeas petition should be granted because it advances new claims that may have arguable merit. *See e.g. Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016).

The Clerk of the Court shall serve a copy of the amended petition for writ of habeas corpus [ECF No. 13] and a copy of this Order on Respondent and on the Attorney General for the State of Michigan as provided in Rule 4 of the Rules Governing § 2254 Cases, Rule 4. *See Coffee v. Harry,* No. 04-71209, 2005 WL 1861943, * 2 (E.D. Mich. Aug. 2, 2005). Respondent shall file a supplemental answer to the amended petition within ninety days of the Court's order. See *Erwin v. Elo,* 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243. [1] Respondent shall provide any additional Rule 5 materials with the answer. See

---

[1] Respondent already filed an answer to the original habeas petition on June 29, 2017 and is therefore only required to file a supplemental answer addressing the claims raised in the amended petition.

*Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254. Petitioner has forty five days from the receipt of the answer to file a reply brief, if he so chooses. *See* Rule 5(e) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

                                          **s/Arthur J. Tarnow**
                                          **HON. ARTHUR J. TARNOW**
                                          **UNITED STATES DISTRICT JUDGE**
**DATED: January 14, 2020**