**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MATTHEW ELIOT CRUMLEY,

     Petitioner,            Case No. 2:17-CV-11318
                         UNITED STATES DISTRICT COURT JUDGE
v.                      HONORABLE ARTHUR J. TARNOW

JACK KOWALSKI,

     Respondent,

_____/

<u>**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS**
**CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND**
**GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**</u>

     Matthew Elliot Crumley, ("Petitioner"), confined at the Kinross Correctional

Facility in Kincheloe, Michigan, filed a *pro se* petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254, challenging his conviction for armed robbery,

Mich. Comp. Laws § 750.529.  For the reasons that follow, the petition for writ of

habeas corpus is DENIED.

## I. Background

     Petitioner pleaded no-contest in the Macomb County Circuit Court on

January 13, 2015.

     On February 24, 2015, petitioner was sentenced to 10-20 years in prison.

At the time of sentencing, petitioner moved to withdraw his plea, claiming that he

was innocent of the armed robbery because he did not possess a weapon.

Petitioner also claimed that trial counsel coerced him into pleading no-contest.

Counsel denied coercing petitioner into pleading no-contest. (ECF 9-17, PageID.

241-46).  The prosecutor indicated that a summary of the incident from the
Warren Police Department which was used to make out the factual basis at the
plea hearing indicated that petitioner "implied he had a gun."  The prosecutor
went on to argue that even if a suspect does not have an actual gun, "the
proverbial finger in the pocket of a sweater, pointed at a victim, making them
believe or implying that he has a gun is sufficient for armed robbery." (ECF No. 9-
17, PageID. 251).  The court denied the motion to withdraw, noting that there
was a sufficient factual basis for the plea. (ECF No. 9-17, PageID. 252).

Petitioner moved again to withdraw his plea with the assistance of
appellate counsel. Appellate counsel argued that petitioner's plea was not
knowingly or intelligently made, because the trial court failed to advise petitioner
that he would be giving up an appeal of right by pleading no-contest and that any
appeal would have to be by leave.  Appellate counsel also moved for re-
sentencing, based on the recent decision of the Michigan Supreme Court to
invalidate Michigan's Sentencing Guidelines. (ECF No. 9-18, PageID. 271-72).
The judge denied the motion to withdraw the plea and the motion for re-
sentencing. (ECF No. 9-18, PageID. 275).

Petitioner's conviction was affirmed on direct appeal. *People v. Crumley,*
No. 329590 (Mich.Ct.App. Dec. 7, 2015); *reconsideration den.* No. 329590
(Mich.Ct.App. Jan. 21, 2016); *lv. den.* 499 Mich. 971, 880 N.W.2d 541 (2016).

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §
2254, which was held in abeyance to permit him to return to the state courts to

exhaust additional claims. *Crumley v. Jackson*, No. 2:17-CV-11318, 2017 WL 4176481 (E.D. Mich. Sept. 21, 2017).

Petitioner filed a post-conviction motion for relief from judgment, which the trial court denied. *People v. Crumley,* No. 2013-1445-FC (Macomb Cty.Cir.Ct., Dec. 15, 2017)(ECF No. 19-2, PageID. 629). The Michigan appellate courts denied petitioner leave to appeal. *People v. Crumley,* No. 344293 (Mich.Ct.App. Nov. 16, 2018); *lv. den.* 504 Mich. 963, 932 N.W.2d 781 (2019).

The Court reopened the case and permitted petitioner to file an amended habeas petition. *Crumley v. Kowalski*, No. 2:17-CV-11318, 2020 WL 209802 (E.D. Mich. Jan. 14, 2020).

Petitioner seeks relief on the following grounds:

I. No contest plea was not knowing, voluntary, and intelligent, and the procedure was defective.

II. Constitutional right to be sentenced with accurate information was violated. The trial court abused its discretion by not allowing me to withdraw my plea of no contest. And PRV 7 and OV13 were improperly scored.

III. Ineffective assistance of trial counsel. Trial court prejudiced petitioner by persuading him to plead no contest to an armed robbery where no weapon was used. Further, counsel was ineffective for failing to file an interlocutory appeal to the trial court's denial of Crumley's request to withdraw his plea.

IV. The trial court committed clear error when failing to suppress inculpatory statements obtained in violation of *Miranda* and *Edwards.*

V. Ineffective assistance of appellate counsel for failing to raise the *Miranda/Edwards* issue in regards to Crumley's confession.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas

cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if

the state court arrives at a conclusion opposite to that reached by the Supreme

Court on a question of law or if the state court decides a case differently than the

Supreme Court has on a set of materially indistinguishable facts. *Williams v.

Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs

when "a state court decision unreasonably applies the law of [the Supreme

Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may

not "issue the writ simply because that court concludes in its independent

judgment that the relevant state-court decision applied clearly established federal

law erroneously or incorrectly." *Id.* at 410-11.

### III. Discussion

**A.  Claims # 1 and # 2. The plea withdrawal claim.**

Petitioner initially contends that he should have been permitted to withdraw his no-contest plea because it was not made knowingly or intelligently.

Initially, the Court observes that petitioner has no federal constitutional right to withdraw his no-contest plea. *See Hynes v. Birkett,* 526 F. App'x. 515, 521 (6th Cir. 2013).  Unless a petitioner's guilty or no-contest plea otherwise violated a clearly-established constitutional right, whether to allow the withdrawal of a habeas petitioner's plea is discretionary with the state trial court. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 748 (E.D. Mich. 2005).

A guilty or no-contest plea that is entered in state court must be voluntarily and intelligently made. *See Shanks,* 387 F. Supp. 2d at 749; *Doyle v. Scutt,* 347 F. Supp. 2d 474, 482 (E.D. Mich. 2004)(both citing *Boykin v. Alabama,* 395 U.S. 238, 242 (1969)).  In order for a plea of guilty or no-contest to be voluntarily and intelligently made, the defendant must be aware of the "relevant circumstances and likely consequences" of his or her plea. *Hart v. Marion Correctional Institution*, 927 F. 2d 256, 257 (6th Cir. 1991).  The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he or she is pleading guilty or no-contest. *King v. Dutton*, 17 F. 3d 151, 154 (6th Cir. 1994).  When a petitioner brings a federal habeas petition challenging his or her plea of guilty or no-contest, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made

5

voluntarily. *Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993). The factual findings of a state court that the guilty or no-contest plea was properly made are generally accorded a presumption of correctness. The petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id.*

It is only when the consensual character of a guilty plea is called into question that the validity of a guilty plea may be impaired. *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984). A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his or her own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (i.e. bribes). *Id.* Federal and state courts will uphold a state court guilty plea if the circumstances demonstrate that the defendant understood the nature and consequences of the charges and voluntarily chose to plead guilty or no-contest. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 652 (E.D. Mich. 2002).

The evidence establishes that petitioner freely and voluntarily pleaded no-contest. In response to the trial court's questions, petitioner denied that any force or threats had been made to get him to plead no-contest. (ECF No. 9-16, PageID. 220). Petitioner was advised that he had a right to a trial by jury or judge, that petitioner had a right to call and to confront witnesses, that he had the

6

right to testify or not testify, and if he chose not to testify, his silence could not be used against him. Petitioner was advised he had the right to be presumed innocent and to have the prosecutor prove his guilt beyond a reasonable doubt. Petitioner indicated that he understood these rights and acknowledged that he would relinquish these rights by pleading no-contest.  Petitioner was advised that he could receive up to life in prison on the armed robbery charge. (*Id.,* PageID. 220-21).  The parties agreed to a no-contest plea because petitioner's memory of the incident was impaired from crack cocaine usage. (*Id.,* PageID. 223-25). Under the circumstances, the transcript and colloquy clearly establish that petitioner's plea was knowingly and intelligently made. *Shanks*, 387 F. Supp. 2d at 749.

Petitioner claims that his plea was not knowingly and intelligently made because the judge did not advise him that he had the right to compulsory process.  Although the judge did not explicitly use the term "compulsory process," the judge advised petitioner that he had the right to call witnesses on his behalf. Petitioner was adequately informed of his right to compulsory process during the plea colloquy.

Petitioner also claims that his plea was involuntary because the judge incorrectly informed him that he had "the right to appeal within 42 days of my sentence and have an attorney appointed to you for such if you cannot afford one." (ECF No. 9-16, PageID. 221).  Petitioner claims that this advice was misleading because defendants in Michigan who plead guilty or no-contest no

7

longer have an appeal of right. Although a defendant who pleads guilty or no-contest can no longer file an appeal of right, he or she can file an application for leave to appeal to challenge his or her plea. *See* Mich. Const. art. 1, § 20 (1994). The trial judge's advice was thus not substantially inaccurate, particularly since petitioner did ultimately file an application for leave to appeal with the assistance of court-appointed counsel. Accordingly, petitioner failed to show that his plea was involuntary or that he is entitled to habeas relief. *Mercurio v. Kowalski*, No. 17-11248, 2019 WL 6894393, at * 4 (E.D. Mich. Dec. 18, 2019).

Finally, to the extent that petitioner claims that the judge did not ascertain whether any threats or promises had been made to induce the plea, the judge did ask petitioner whether any force or threats had been made to induce his plea and he replied in the negative.  Petitioner's related claim that he was coerced into pleading no-contest by his attorney is defeated by the fact that petitioner stated on the record at the plea hearing that no threats had been made to get him to plead no-contest and that he was pleading freely and voluntarily.  Petitioner's bare claim that he was coerced into pleading no-contest is insufficient to overcome the presumption of verity which attaches to petitioner's statements during the plea colloquy, in which he denied that any threats had been used to get him to enter his plea. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d at 750-51.  Moreover, the Sixth Circuit has noted that "[w]here a defendant is aware of the condition or reason for a plea withdrawal, at the time the guilty plea is entered, a case for withdrawal is weaker." *United States v. Spencer,* 836 F. 2d

8

236, 239 (6th Cir. 1987).  Because petitioner knew about this alleged coercion at the time that he entered his plea, his unexplained delay in bringing this alleged coercion to the attention of the trial court until sentencing undermines the credibility of his claim that he was coerced into pleading no-contest. *See United States v. Ford,* 15 F. App'x. 303, 309 (6th Cir. 2001).  Finally, petitioner has presented no extrinsic evidence, either to the state courts, or to this Court, to substantiate his claim that his plea was made as the result of threats or duress from defense counsel, so as to justify vacating his plea. *See Spencer,* 836 F. 2d at 240-41. Petitioner is not entitled to relief on his first claim.

### B. Claim # 2.  The sentencing claim.

Petitioner in his second claim argues that his sentencing guidelines were incorrectly scored.  Petitioner also claims that the trial court judge violated his Sixth Amendment right to a trial by jury by using factors that had not been submitted to a jury and proven beyond a reasonable doubt or admitted to by petitioner when he scored several of the offense variables under the Michigan Sentencing Guidelines.

Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is non-cognizable on federal habeas review, because it is basically a state law claim. *See Tironi v. Birkett*, 252 F. App'x. 724, 725 (6th Cir. 2007)*; Howard v. White,* 76 F. App'x. 52, 53 (6th Cir. 2003).  Errors in the application of state

9

sentencing guidelines cannot independently support habeas relief. *See Kissner v. Palmer*, 826 F. 3d 898, 904 (6th Cir. 2016).

Petitioner next contends that the trial court judge erred by considering factors beyond what was admitted to by petitioner or which were found by a jury beyond a reasonable doubt, when scoring the sentencing guidelines variables.

On June 17, 2013, the United States Supreme Court ruled that any fact that increases the mandatory minimum sentence for a crime is an element of the criminal offense that must be proven beyond a reasonable doubt. *See Alleyne v. United States*, 570 U.S. 99, 103 ( 2013). *Alleyne* expands the Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker,* 543 U.S. 220 (2005), in which the U.S. Supreme Court held that any fact that increases or enhances a penalty for a crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt.

The Michigan Supreme Court relied on *Alleyne* to hold that Michigan's mandatory sentencing guidelines scheme violates the Sixth Amendment right to a jury trial. *See People v. Lockridge,* 498 Mich. 358, 870 N.W.2d 502 (Mich. 2015). The Michigan Supreme Court's remedy for the unconstitutionality of the Michigan guidelines was to sever and strike the mandatory component of the guidelines and make the guidelines advisory only. *Id.* 498 Mich. at 391-92, 870 N.W.2 at 520-21. The remedy under *Lockridge* is a remand for the trial court judge to determine if he or she would impose the same sentence even without

10

the guidelines. *Lockridge*, 498 Mich. at 397. This remedy is based on the procedure adopted by the Second Circuit in *United States v. Crosby*, 397 F.3d 103, 117–118 (2nd Cir. 2005). *See Lockridge*, 498 Mich. at 395–396.

Petitioner's appellate counsel filed a motion to withdraw the no-contest plea. At the hearing on the motion, counsel also asked the judge to re-sentence petitioner in light of the *Lockridge* decision. (ECF No. 9-18, PageID. 272). The judge denied the motion, noting that she had actually sentenced petitioner below the sentencing guidelines range. The judge also indicated that her sentence would not have been materially different without the sentencing guidelines. (*Id.,* PageID. 275).

The trial court judge stated on the record that she would have imposed the same sentence. Petitioner's *Lockridge* claim is now moot. *See Hill v. Sheets,* 409 F. App'x 821, 824-25 (6th Cir. 2010)(The Michigan Supreme Court's decision to vacate petitioner's life sentence and order his re-sentencing in conformance with the United States Supreme Court's holdings in *Miller v. Alabama* and *Montgomery v. Louisiana* moots petitioner's sentencing claims). Petitioner is not entitled to relief on his second claim.

### C. Claim # 3. The ineffective assistance of trial counsel claim.

Petitioner claims he was denied the effective assistance of trial counsel.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances,

counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*.  In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689.  Second, the defendant must show that such performance prejudiced his defense. *Id*.  To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

Petitioner's primary claim is that trial counsel was ineffective for advising petitioner to plead no-contest to the armed robbery charge, when there was no evidence that petitioner was armed with an actual weapon at the time of the robbery.  Petitioner argues that since he did not possess an actual weapon, he was guilty at most of unarmed robbery.

The Supreme Court has noted that:

Acknowledging guilt and accepting responsibility by an early plea respond to certain basic premises in the law and its function.  Those principles are eroded if a guilty plea is too easily set aside based on facts and circumstances not apparent to a competent attorney when actions and advice leading to the plea took place.  Plea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks.  The opportunities, of course, include pleading to a lesser charge and obtaining a lesser sentence, as compared with

what might be the outcome not only at trial but also from a later plea offer if the case grows stronger and prosecutors find stiffened resolve. A risk, in addition to the obvious one of losing the chance for a defense verdict, is that an early plea bargain might come before the prosecution finds its case is getting weaker, not stronger. The State's case can begin to fall apart as stories change, witnesses become unavailable, and new suspects are identified.

*Premo v. Moore,* 562 U.S. 115, 124-25 (2011).

The Supreme Court further admonished:

These considerations make strict adherence to the *Strickland* standard all the more essential when reviewing the choices an attorney made at the plea bargain stage. Failure to respect the latitude *Strickland* requires can create at least two problems in the plea context. First, the potential for the distortions and imbalance that can inhere in a hindsight perspective may become all too real. The art of negotiation is at least as nuanced as the art of trial advocacy and it presents questions farther removed from immediate judicial supervision. There are, moreover, special difficulties in evaluating the basis for counsel's judgment: An attorney often has insights borne of past dealings with the same prosecutor or court, and the record at the pretrial stage is never as full as it is after a trial. In determining how searching and exacting their review must be, habeas courts must respect their limited role in determining whether there was manifest deficiency in light of information then available to counsel. AEDPA compounds the imperative of judicial caution.

Second, ineffective-assistance claims that lack necessary foundation may bring instability to the very process the inquiry seeks to protect. *Strickland* allows a defendant "to escape rules of waiver and forfeiture,". Prosecutors must have assurance that a plea will not be undone years later because of infidelity to the requirements of AEDPA and the teachings of *Strickland*. The prospect that a plea deal will afterwards be unraveled when a court second-guesses counsel's decisions while failing to accord the latitude *Strickland* mandates or disregarding the structure dictated by AEDPA could lead prosecutors to forgo plea bargains that would benefit defendants, a result favorable to no one.

*Premo,* 562 U.S. at 125 (internal citations and quotations omitted).

Moreover, in order to satisfy the prejudice requirement for an ineffective assistance of counsel claim in the context of a guilty plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty or no-contest, but would have insisted on going to trial. *Premo,* 562 U.S. at 129 (citing *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)).  An assessment of whether a defendant would have gone to trial but for counsel's errors "will depend largely on whether the affirmative defense likely would have succeeded at trial." *Hill,* 474 U.S. at 59.  The Sixth Circuit has interpreted *Hill* to require a federal habeas court to always analyze the substance of the habeas petitioner's underlying claim or defense to determine whether but for counsel's error, petitioner would likely have gone to trial instead of pleading guilty. *See Maples v. Stegall,* 340 F.3d 433, 440 (6th Cir. 2003).  The petitioner must therefore show a reasonable probability that but for counsel's errors, he or she would not have pleaded guilty or no-contest, because there would have been a reasonable chance that he would have been acquitted had he or she insisted on going to trial. *See Garrison v. Elo,* 156 F. Supp. 2d 815, 829 (E.D. Mich. 2001).  The test of whether a defendant would have not pleaded guilty or no-contest if he or she had received different advice from counsel "is objective, not subjective; and thus, 'to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been

rational under the circumstances.'" *Pilla v. U.S.*, 668 F.3d 368, 373 (6th Cir. 2012)(*quoting Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)).

Petitioner failed to show that counsel was deficient for recommending that petitioner plead no-contest or that he was prejudiced by counsel's advice.  The factual basis for petitioner's no-contest plea indicated that petitioner:

> On the date in question, within the City of Warren, the defendant did walk into that same CVS store that he was convicted by a jury on, on an earlier date, and that the defendant placed the cashier in fear by implying he had a weapon, he demanded money, he was able to get money and effectuated his escape by threatening and placing the cashier in fear of an assault with a possible weapon.

(ECF No. 9-16, PageID. 224-25).

At petitioner's sentencing, when he initially moved to withdraw his plea, the prosecutor noted that the victim indicated that petitioner implied he had a gun and that the act of placing a finger in a pocket is sufficient for Michigan's armed robbery statute.

M.C.L.A. 750.529 defines armed robbery as:

> A person who engages in conduct proscribed under section 530 [the unarmed robbery statute] and who in the course of engaging in that conduct, possesses a dangerous weapon or an article used or fashioned in a manner to lead any person present to reasonably believe the article is a dangerous weapon, or who represents orally or otherwise that he or she is in possession of a dangerous weapon, is guilty of a felony punishable by imprisonment for life or for any term of years. If an aggravated assault or serious injury is inflicted by any person while violating this section, the person shall be sentenced to a minimum term of imprisonment of not less than 2 years.

Under Michigan law, the elements of armed robbery are "(1) an assault, (2) a felonious taking of property from the victim's person or presence, and (3) the defendant must be armed with a weapon described in the statute." *Banks v. Rivard*, 760 F. Supp. 2d 724, 729 (E.D. Mich. 2010)(*quoting People v. Johnson*, 206 Mich. App. 122, 123, 520 N.W. 2d 672, 673 (1994)). To satisfy the third element of the armed robbery statute, "there must be 'some objective evidence of the existence of a weapon or article.'" *Id.* (*quoting People v. Jolly*, 442 Mich. 458, 468, 502 N.W.2d 177, 181 (1993)). "The existence of some object, whether actually seen or obscured by clothing or something such as a paper bag, is objective evidence that a defendant possesses a dangerous weapon or an article used or fashioned to look like one. Related threats, whether verbal or gesticulatory, further support the existence of a weapon or article." *Id.* at 729–30 (quoting *Jolly*, 442 Mich. at 469-70)). A suspect's act of placing his or her hand in a pocket and pushing it forward is sufficient to support an armed robbery conviction, even in the absence of any oral representations that the suspect possessed a firearm. *People v. Henry*, 315 Mich. App. 130, 139, 889 N.W.2d 1, 6 (2016).

Petitioner does not deny that he implied being in possession of a weapon, but merely argues that he did not possess an actual firearm at the time of the robbery. Since an actual firearm is unnecessary for an armed robbery conviction, counsel's advice to plead no-contest to the armed robbery charge was neither deficient nor prejudicial.

16

Petitioner is not entitled to habeas relief because he failed to show a reasonable probability that he could have prevailed had he insisted on going to trial, or that he would have received a lesser sentence than he did by pleading no-contest. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d at 750.

Petitioner also claims that trial counsel was ineffective for failing to file an interlocutory appeal after the trial judge denied the initial motion to withdraw the plea.

Petitioner is unable to show that he was prejudiced by trial counsel's failure to file an interlocutory appeal because the Michigan Court of Appeals eventually addressed the claim that the petitioner wished to raise in an interlocutory appeal on his direct appeal when petitioner's appellate counsel filed a second motion to withdraw the plea and then challenged the validity of the plea in her appeal brief. The Michigan Court of Appeals found the claim to be meritless.  Because petitioner failed to show that trial counsel was ineffective for failing to file an interlocutory appeal, he is not entitled to habeas relief. *See e.g. McKenzie v. Jones,* 100 F. App'x. 362, 363-64 (6th Cir. 2004).

**D. Claim # 4.  The suppression claim.**

Petitioner next claims that the trial court erred in refusing to suppress his statement to the police.  Petitioner alleges that the police should have stopped interrogating him after he invoked his right to counsel.

An unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations. *Tollett v. Henderson*, 411 U.S. 258, 267

17

(1973); *Seeger v. Straub*, 29 F. Supp. 2d 385, 390 (E.D. Mich. 1998).  A no-contest plea also constitutes a waiver of all non-jurisdictional defects. *United States v. Freed,* 688 F. 2d 24, 25 (6th Cir. 1982); *See also Shanks v. Wolfenbarger,* 387 F. Supp. 2d at 747.

Petitioner's Fifth Amendment challenges to the admissibility of his statement involve non-jurisdictional issues which would be waived by his no-contest plea. *See e.g. Reed v. Henderson,* 385 F. 2d 995, 996 (6th Cir. 1967)(an alleged *Miranda* violation is not a jurisdictional issue and is waived by a guilty plea); *United States v. Perez-Yanez,* 511 F. App'x. 532, 534 (6th Cir. 2013)(unconditional guilty plea waived defendant's challenge to adverse pre-plea ruling on motion to suppress); *Williams v. Anderson,* 498 F. Supp. 151, 152 (E.D. Mich. 1980)(entry of guilty plea precluded collateral habeas corpus attack on alleged coerced confession).  Petitioner is not entitled to relief on his fourth claim.

**E.  Claim # 5. The ineffective assistance of appellate counsel claim.**

Petitioner finally alleges that appellate counsel was ineffective for failing to raise on direct appeal a claim that the trial judge erred in denying petitioner's pre-trial motion to suppress his statement.

The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).  However, "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F. 3d 448, 452 (6th Cir. 2010)(*quoting Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).

18

Petitioner's suppression claim was waived by his no-contest plea. An appellate counsel is not ineffective for failing to raise a claim on direct appeal that would be considered to have been waived by the defendant's guilty or no-contest plea. *See e.g. Thompson v. United States,* 42 F. App'x. 766, 768 (6th Cir. 2002). Petitioner waived the suppression issue through his unconditional plea; appellate counsel was not ineffective for failing to raise the suppression issue on petitioner's direct appeal. *Id.*

## IV.  Conclusion

Before petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003).  In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.  "The district court must issue or deny a certificate of appealability when it enters a final order

adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he failed to make a substantial showing of the denial of a federal constitutional right. However, although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

## V.  ORDER

Based upon the foregoing, IT IS ORDERED that:

(1) the petition for writ of habeas corpus is **DENIED WITH PREJUDICE.**

(2) A certificate of appealability is **DENIED.**

(3) Petitioner will be granted leave to appeal *in forma pauperis.*


     s/Arthur J. Tarnow
     **HON. ARTHUR J. TARNOW**
**Dated: July 17, 2020**     UNITED STATES DISTRICT JUDGE